IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACKIE PECK<br><br>　　Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING, LCC and JOHNSON MARK, LLC<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:11-CV-611 TS |

This matter is before the Court on Defendants' Motion for Summary Judgment,[1] Plaintiffs' Motion for Summary Judgment,[2] and Defendants' Rule 56(d) Motion for Denial or Continuance of Plaintiff's Motion for Summary Judgment.[3]

## I. STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[4] The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of

---

[1] Docket No. 5.

[2] Docket No. 19.

[3] Docket No. 23.

[4] *See* Fed. R. Civ. P. 56(a).

1

material fact.[5]  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[6]  An issue is a "genuine issue for trial" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7]

The Court must construe a pro se party's complaint liberally.[8]  However, "[t]his liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[9]  "As a result, a pro se plaintiff must strictly comply with the requirements of Rule 56 in order to properly contest a motion for summary judgment."[10]  Rule 56 states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[11]  "Unsubstantiated allegations carry no probative weight in summary judgment proceedings."[12]

---

[5] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[6] *Sally Beauty Co., Inc., v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotation omitted).

[9] *Id.* (quotation omitted).

[10] *Franke v. ARUP Labs., Inc.*, 390 F. App'x 822, 826 (10th Cir. 2010).

[11] Fed. R. Civ. P. 56(c)(4).

[12] *Cypert v. Indep. Sch. Dist. No. I-050 of Osage Cnty.*, 661 F.3d 477, 481 (10th Cir. 2011) (quotation omitted).

II. ANALYSIS

A.    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by failing to provide notice of Plaintiff's right to request proof of the debt's validity.[13] This case was removed from small claims court on June 30, 2011.[14] On July 5, 2011, Defendants filed a Motion for Summary Judgment.[15] With this Motion, Defendants submitted a declaration stating that they had sent Plaintiff the required notice on July 9, 2010, and could therefore not be liable under the notice provision of the FDPCA.[16] On July 15, 2011, Plaintiff filed an Amended Complaint, which states: "[a]t no time has Defendant provided notification of the FDCPA act as required by law."[17] Although this was not filed as an Opposition to Defendants' Motion, it could be treated as an affidavit for summary judgment purposes *if* it were a verified complaint.[18] If treated as an affidavit, it would create a genuine issue of material fact as to whether Defendants provided the required notification, thereby defeating summary judgment.

However, Plaintiff's Amended Complaint does not qualify as a verified complaint, and therefore may not serve as an affidavit. First, it begins by stating that "Plaintiff *alleges* the

---

[13] *See* Docket No. 2 Ex. 2, at 1-4.

[14] *See* Docket No. 1.

[15] Docket No. 5.

[16] Docket No. 6 Ex. 1, at 2.

[17] Docket No. 8, at 1.

[18] *See Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988) ("[A] verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).").

following."[19] However, under the Federal Rules "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings."[20] Furthermore, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge."[21] Plaintiff would therefore be required to provide detailed information, state that the information was based on her personal knowledge, and specify the basis for that knowledge. Finally, to properly be considered as a verified complaint, Plaintiff's Complaint would need a signed statement in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."[22] While Plaintiff's Complaint was signed, it does not contain a declaration, made under penalty of perjury, that it is true and correct.

As Plaintiff is proceeding pro se, the Court will allow her thirty days to submit either an affidavit or an amended, verified complaint. The Court will then consider Defendants' Motion for Summary Judgment.

B.  REMAINING MOTIONS

Plaintiff filed a Motion for Summary Judgment on August 16, 2012.[23] Defendants filed an Opposition to Plaintiff's Motion[24] and Rule 56(d) Motion,[25] seeking additional time to

---

[19] Docket No. 8, at 1 (emphasis added).

[20] *Cypert*, 661 F.3d at 481 (quotation omitted).

[21] Fed. R. Civ. P. 56(c)(4).

[22] 28 U.S.C. § 1746 (setting forth requirements for unsworn declarations). If Plaintiff were to provide an affidavit, it would need a similar statement.

[23] Docket No. 19, at 1.

[24] Docket No. 27.

[25] Docket No. 23.

conduct further discovery. In reviewing Plaintiff's Motion, the Court finds that, while Plaintiff has provided various exhibits in support of her Motion, the majority of the statements set forth in her Memorandum in Support are only allegations, as they are unsupported by an accompanying affidavit by Plaintiff. The Court will therefore deny Plaintiff's Motion without prejudice, to allow Plaintiff to first file either an affidavit or a verified complaint that sets forth specific facts and details events, based on personal knowledge, to support her allegations. Plaintiff may then file a motion for summary judgment if she so wishes.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 19) is DENIED WITHOUT PREJUDICE. Plaintiff may file an affidavit or verified complaint, as set forth above, within thirty days, in Opposition to Defendants' Motion for Summary Judgment. Plaintiff may also file a second Motion for Summary Judgment at that time. It is further

ORDERED that Defendant's Rule 56(d) Motion for Denial or Continuance of Plaintiff's Motion for Summary Judgment (Docket No. 23) is DENIED AS MOOT.

DATED   March 29, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge