IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

|  |  |
|---|---|
| JACKIE PECK<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND FUNDING, LCC and<br>JOHNSON MARK, LLC<br><br>Defendants. | MEMORANDUM DECISION AND<br>ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:11-CV-611 TS |

This matter is before the Court on Defendants' Motion for Summary Judgment,[1] Plaintiff's Motion for Summary Judgment,[2] and Defendants' Motion to Strike Affidavit/Declaration in Support of Motion for Summary Judgment.[3]  For the reasons set forth more fully below, the Court will deny the Motion to Strike, grant Defendants' Motion for Summary Judgment, and Deny Plaintiff's Motion for Summary Judgment.

I. BACKGROUND

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by failing to provide notice of Plaintiff's right to request proof of the debt's

---

[1] Docket No. 5.

[2] Docket No. 34.

[3] Docket No. 37.

1

validity.[4]  Specifically, Plaintiff's amended complaint alleges that: 1) "[a]t no time has Defendant provided notification of the FDCPA act;" 2) Defendants did not "provide notice of the FDCPA and the rights contained therein;" 3) Defendants continued to pursue collection of the debt by securing bank records through subpoena after receiving Plaintiff's answer denying their claim; 4) Defendants have not "substantiated[d] their claim or provid[ed] evidence as to their legal relationship to Plaintiff;" 5) Defendants filed false affidavits with the state court in support of Defendants' position in those proceedings; and 6) Defendants removed this action from small claims court to this Court, which creates a burden on Plaintiff.  Plaintiff also acknowledges that the Federal Court is a more appropriate venue for this action.  Plaintiff does not state when she disputed the debt.  Both parties have moved for summary judgment on all claims.

## II. STANDARD OF REVIEW

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[5]  The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact.[6]  "Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial."[7]  An issue is a "genuine issue for

---

[4] *See* Docket No. 2 Ex. 2, at 1-4.

[5] *See* Fed. R. Civ. P. 56(a).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] *Sally Beauty Co., Inc., v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002).

trial" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[8]

The Court must construe a pro se party's complaint liberally.[9]  However, "[t]his liberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[10]  "As a result, a pro se plaintiff must strictly comply with the requirements of Rule 56 in order to properly contest a motion for summary judgment."[11]  Rule 56 states that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."[12] "Unsubstantiated allegations carry no probative weight in summary judgment proceedings."[13]

### III. ANALYSIS

This case was removed from small claims court on June 30, 2011.[14]  On July 5, 2011, Defendants filed a Motion for Summary Judgment.[15]  Plaintiff responded to Defendants' Motion by filing an amended complaint.  However, the Court found that Plaintiff's amended complaint did not qualify as a verified complaint, as it did not state that it was based on personal knowledge

---

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[9] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotation omitted).

[10] *Id.* (quotation omitted).

[11] *Franke v. ARUP Labs., Inc.*, 390 F. App'x 822, 826 (10th Cir. 2010).

[12] Fed. R. Civ. P. 56(c)(4).

[13] *Cypert v. Indep. Sch. Dist. No. I-050 of Osage Cnty.*, 661 F.3d 477, 481 (10th Cir. 2011) (quotation omitted).

[14] *See* Docket No. 1.

[15] Docket No. 5.

and was not accompanied by a signed statement declaring that the information was true and correct. Therefore, the Court could not properly consider it as evidence on summary judgment. The Court then gave Plaintiff leave to file an affidavit or verified complaint opposing Defendants' Motion for Summary Judgment.

Plaintiff then filed a Motion for Summary Judgment, accompanied by a memorandum in support, exhibits, and an affidavit. Plaintiff's affidavit states in its entirety: "I, Jackie Peck, Plaintiff in this action, declare under penalty of perjury that documentation filed with this court by me, was prepared by me and is true and correct."[16] Defendants then filed a Motion to Strike, arguing that the Court should strike Plaintiff's affidavit because it does not contain any facts or evidence itself and does not specify what other previously filed documents or exhibits it refers to.

A.     DEFENDANTS' MOTION TO STRIKE

As a pro se plaintiff must strictly comply with the requirements of Rule 56, the Court can only consider facts that are made on personal knowledge, that are declared to be true and correct, and that provide a basis for the Court to believe that the affiant or declarant is competent to testify on those matters. Plaintiff has provided an affidavit certifying that all previous documentation filed by her is true and correct. Therefore, for the purposes of the instant Motions, the Court will consider any previous statements in filings by Plaintiff that provide a basis for the Court to believe that 1) they are made on Plaintiff's personal knowledge and 2) they relate to issues on which Plaintiff is competent to testify. Because the Court will thus ensure that the requirements of Rule 56 are met, the Court will deny Defendants' Motion to Strike.

---

[16] Docket No. 36, at 1.

B.  CROSS MOTIONS FOR SUMMARY JUDGMENT

Defendants have moved for summary judgment, arguing that they are not liable under the FDCPA because they sent Plaintiff the required notice on July 9, 2010. As evidence, Defendants cite to: 1) a copy of the letter sent to Plaintiff, dated July 9, 2010 and 2) an affidavit from Christopher Rogers stating that the letter was sent on July 9, 2010, and that this letter was the first communication between Plaintiff and Defendant Johnson Mark LLC.

Plaintiff has also moved for summary judgment, stating in her amended complaint that "[a]t no time has Defendant provided notification of the FDCPA act as required by law."[17] She also states in the memorandum in support of her Motion for Summary Judgment: "Defendants['] Dunning letter was not received and would have been ignored since it does not address a valid debt."[18] The Court finds that Plaintiff would have personal knowledge and be competent to testify regarding whether she received notice from Defendants regarding the debt.

However, the FDCPA requires only that a debt collector "*send* the consumer a written notice;"[19] not that the consumer must receive such notice.[20] Defendants have provided evidence that notice was sent to Plaintiff, which Plaintiff has not disputed. Plaintiff argues that she did not receive notice, but this is insufficient to create a genuine issue of material fact.[21]

---

[17] Docket No. 8, at 1.

[18] Docket No. 20, at 1.

[19] 15 U.S.C. § 1692g(a).

[20] *Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1201 (9th Cir. 1999) ("We hold that section 1692g(a) requires only that a Notice be 'sent' by a debt collector. A debt collector need not establish actual receipt by the debtor.").

[21] *See id.* at 1201-02; *Antoine v. J.P. Morgan Chase Bank*, 757 F. Supp. 2d 19, 23 (D.D.C. 2010) ("Plaintiff alleges that he never *received* this notice, but presents no evidence that it was not *sent* or that it does not satisfy the FDCPA disclosure requirements. . . . Accordingly,

With respect to Plaintiff's claim that Defendants did not validate the debt, Plaintiff does not state when she requested validation of the debt. However, she does acknowledge that she did not receive Defendants' first communication—sent July 9, 2010—and that if she had received it, she would have ignored it. Defendants' next communication with Plaintiff was not until two months after this initial communication, and there is no indication that Plaintiff requested validation of the debt during this two month period. Therefore, Plaintiff's request for validation of the debt would have occurred outside the thirty-day period required by the FDCPA.[22]

Defendants' removal of this action from small claims court to this Court is similarly no basis for a claim against Defendants, as the Court has jurisdiction over FDCPA cases and Plaintiff acknowledges that this Court is a more appropriate venue for this action.

Finally, with respect to Plaintiff's claim that Defendants "produced false Affidavits and filed those fraudulent documents with the court to secure their position"[23] in their case in the Utah Fifth District Court,[24] Plaintiff has submitted no evidence in support of this claim. Furthermore, even if this allegation were true, "[t]he *Rooker-Feldman*[25] doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."[26]

---

because there is no factual dispute as to whether Defendant . . . mailed compliant notice on November 13, the Court finds that [Defendant] complied with *Section 1692(g)*.")

[22] 15 U.S.C. § 1692g(a).

[23] Docket No. 8, at 2.

[24] Docket No. 20, at 1.

[25] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

[26] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Therefore, the Court has no jurisdiction over any claim that the state court proceeding should be overturned.

For the reasons set forth above, the Court will grant Defendants' Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment on all of Plaintiffs' claims.

## IV. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendants' Motion to Strike (Docket No. 37) is DENIED. It is further

ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 34) is DENIED. It is further

ORDERED that Defendants' Motion for Summary Judgment (Docket No. 5) is GRANTED. The Clerk of the Court is directed to enter judgment against Plaintiff and in favor of Defendants on all of Plaintiff's claims.

DATED   July 16, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge